# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON

**MICHAEL LASHAWN JOHNSON,**

    **Movant,**

**v.**                                                    **Case No. 3:14-cv-25737**
                                                               **Case No. 3:13-cr-00028-01**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 107, Motion to Vacate, Set Aside or Correct Sentence). This matter is assigned to the Honorable Robert C. Chambers, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

Movant Michael Lashawn Johnson (hereinafter "Defendant") was charged in a five-count superseding indictment with one count of conspiracy to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); two counts of knowingly and intentionally distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) (Counts Two and Four); one count of aiding and abetting the distribution of cocaine base, in violation of 18 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); and

one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 40, Superseding Indictment).

On June 7, 2013, Defendant executed a written plea agreement in which he agreed to plead guilty to Count One of the superseding indictment, which carried a sentence of 10 years to life in prison.[1] (ECF No. 64, Plea Agreement). As noted by Respondent, the plea agreement included the following acknowledgement:

> I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, and that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*Id.* at 7). The plea agreement also contained a stipulation of facts and a proposed guideline agreement setting a base offense level of 34. (*Id.* at 4, 8-12). The plea agreement was signed and initialed on each page as set forth above. (*Id.* at 1-12).

On June 17, 2013, Defendant appeared before the District Court to enter a guilty plea (ECF No. 63, Written Plea of Guilty) to Count One of the superseding indictment, pursuant to the written plea agreement. The District Court conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure, including receiving Defendant's own factual basis for his guilty plea, the government's proffer of evidence to support the essential elements of Count One, and Defendant's

---

[1] The plea agreement also stated that, due to Defendant's agreement to plead guilty to Count One, the United States would not file an information pursuant to 21 U.S.C. § 851, which would have exposed Defendant to a greater mandatory minimum sentence due to prior convictions.

acknowledgement of the rights he was waiving and his satisfaction with his attorney's representation. (ECF No. 113, Plea Hrg. Trans.)

On September 16, 2013, Defendant appeared for sentencing. During the hearing, Defendant persisted with one objection to the Presentence Investigation Report ("PSR"), which calculated his base offense level at 36, rather than the 34 agreed to by the parties in the written plea agreement. (ECF No. 106, Sentencing Hrg. Trans., at 3-7). The District Court sustained the objection and determined that the base offense level was 34. (*Id.* at 8). The District Court then applied a two-level enhancement for possession of a firearm, resulting in a total offense level of 36. (*Id.* at 10). The District Court also applied a three-level reduction for acceptance of responsibility. (*Id.* at 10-11). Thus, Defendant's total offense level was 33. (*Id.* at 11). With a Criminal History Category of III, Defendant's advisory Guideline range was 168-210 months of imprisonment. (*Id.*)

Defendant's counsel sought a downward departure or variance based upon a 1:1 ratio between cocaine base and powder cocaine and Defendant's familial relationships. (*Id.* at 11-13). The District Court ultimately sentenced Defendant to 168 months of imprisonment (the bottom of the guideline range), followed by a five-year term of supervised release. (*Id.* at 16-18; ECF No. 94, Judgment).[2]

Defendant did not file a direct appeal to the United States Court of Appeals for the Fourth Circuit.[3] However, on September 12, 2014, he filed the instant section 2255 motion (ECF No. 107), which generally challenges his counsel's performance at all stages of his prosecution. The sole claim in the motion states:

---

[2] On November 25, 2015, the District Court granted Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced Defendant's sentence of imprisonment to 121 months. (ECF No. 117, Order Regarding Motion for Sentence Reduction).

[3] The undersigned notes that Defendant's written plea agreement included a waiver of appeal and collateral attack unless such a challenge is based on a claim of ineffective assistance of counsel. (ECF No. 64 at 4-5).

> **Ground One:**     Ineffective Counsel
>
> Movant's plea was not [entered] knowingly and voluntarily due to trial counsel's lack of providing effective sentence, plea negotiations, and discover[y] investigations, pertinent to having a proper defense. Counsel violated the movant's Sixth Amendment rights to effective assistance of counsel.

(ECF No. 107 at 4). Defendant provides no further support for his claims.

On November 25, 2014, Respondent filed a Response to the section 2255 motion asserting that the performance of Defendant's counsel, Carl Hostler, did not fall below an objective standard of reasonableness and that Defendant cannot demonstrate any prejudice therefrom. (ECF No. 113, Response in Opposition). Accordingly, Respondent requests that Defendant's section 2255 motion be denied and this matter be dismissed. (*Id.*) Defendant did not reply to Respondent's assertions. This matter is ripe for adjudication.

## **STANDARD OF REVIEW**

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

4

judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). As noted by Respondent, "[t]he question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88. (ECF No. 113 at 6).

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697.

In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies during the plea negotiation stage of the criminal process. The Court confirmed that, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* at 163. Thus, a defendant who pled guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## ANALYSIS

Respondent's Response asserts that "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea

5

colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing). The Response further states:

> As noted above, defendant indicated that he was completely satisfied with his attorney, that his attorney was able to answer his questions, that he had sufficient time to discuss the case with his attorney, that it was his own idea to plead guilty, and that nobody forced him or threatened him or talked him into pleading guilty against his will. ([ECF No.] 112 at 3-4, 31).

(ECF No. 113 at 6).

Respondent's Response further relies on an affidavit provided by Defendant's counsel, Carl Hostler. (ECF No. 113, Attach. 1, Affidavit of Carl Hostler). The affidavit indicates that Mr. Hostler spent numerous hours reviewing the discovery, including audio and video evidence and statements, with Defendant. (*Id.* at 1-2, ¶ 3). Mr. Hostler states that over 17 hours of his time in this matter was spent reviewing the evidence and determining strategy with Defendant and his domestic partner. (*Id.* at 2, ¶ 3). Mr. Hostler further asserts that he reviewed the written plea agreement with Defendant on several occasions, and that, at first, Defendant was unwilling to sign it. However, after meticulous review, lasting over five hours, and including a discussion of appellate waiver, 404(b) evidence, the ability to withdraw from the plea and sentencing possibilities, Defendant chose to enter into the agreement. (*Id.* at 2-3, ¶ 4). Mr. Hostler further contends that he and Defendant thoroughly discussed the application of the sentencing guidelines and his potential guideline exposure. (*Id.* at 3, ¶ 5). Mr. Hostler further acknowledges that, ultimately, an agreement was reached by the parties concerning the proposed guideline level, which was accepted by the District Court and resulted in a sentence that was much

lower than that to which Defendant could have been exposed. (*Id.* at 3, ¶ 5-6).[4] Defendant has not disputed these facts.

Concerning counsel's performance with regard to sentencing, Respondent's Response asserts as follows:

> With regard to sentencing issues, counsel filed numerous objections to defendant's presentence report, which resulted in a decrease in the advisory guideline range considered by the court. [ECF No.] 106 at 3-6. As the court noted, defense counsel and the United States "entered into extensive and detailed negotiations about the drugs to be attributed to the defendant . . . ." [*Id.*] at 7. Counsel then argued for a variance sentence below the guideline range relied upon by the court. [*Id.*] at 12-13.

(ECF No. 113 at 7). Respondent's Response further asserts:

> It is apparent that defendant simply wants an early release from prison. While that may be understandable from his perspective, his desire does not constitute legal grounds for that release. More specifically, that desire does not satisfy the two-pronged test defendant must meet pursuant to *Strickland* to demonstrate his counsel was in any way ineffective.

(*Id.* at 8).

The undisputed evidence demonstrates that Mr. Hostler engaged in thorough review and explanation of the evidence against Defendant and the consequences of entering into what amounted to a very favorable plea agreement. Furthermore, the plea colloquy demonstrates that Defendant was aware of the terms and conditions of the plea agreement and his guilty plea, and Defendant acknowledged that he was knowingly and voluntarily entering into the same. He further acknowledged that he was fully satisfied with the performance and assistance of his counsel, and he has not demonstrated, by clear and convincing evidence, that he should not be bound by those representations.

---

[4] Mr. Hostler's affidavit erroneously states that Defendant was sentenced to 144 months. (ECF No. 113, Attach. 1 at 3, ¶ 6).

Moreover, Mr. Hostler was successful in obtaining a sentence at the bottom of the applicable guideline range and sought a further downward variance.

## RECOMMENDATION

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that Mr. Hostler's performance fell below an objective standard of reasonableness, or that Defendant suffered any undue prejudice therefrom. The undersigned further proposes that the presiding District Judge **FIND** that Defendant has failed to sufficiently establish a Sixth Amendment violation based upon Mr. Hostler's conduct surrounding the investigation and preparation of Defendant's case, his guilty plea or his sentencing. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 107) and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

June 29, 2017

Dwane L. Tinsley
United States Magistrate Judge